UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALERIE WEST, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14CV01296 AGF ) |
| MISSOURI METALS, LLC, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on Plaintiff's motion to remand the case to state court. Plaintiff, a former resident and owner of real property in St. Louis County, Missouri, brought this action in state court asserting various state torts in connection with Defendants' alleged actions in allowing toxic substances to spill or leak into the ground water and soil at a facility Defendants owned, leased/operated, or managed near Plaintiff's property and thereby contaminating her property. Defendants are Missouri Metals, LLC; PerkinElmer, Inc.; and Edward Broadfield. Defendants removed the action to this Court invoking the Court's diversity jurisdiction. For the reasons set forth below, Plaintiff's motion to remand will be granted.

## BACKGROUND

It is undisputed that from 1957 through 1979, the facility in question was owned and operated by Missouri Metal Shaping Company ("MMSC"). In 1979, Alco Standard Corporation acquired MMSC and continued to own and operate the facility. Documented toxic spills occurred at the facility as early as 1981. In 1988, the predecessor of PerkinElmer, a Massachusetts corporation, purchased the facility. In 2001, PerkinElmer,

Inc., ceased operations at the facility but continued to own the land and facility, and Missouri Metals, a Delaware limited liability corporation, began leasing and operating the facility. According to Missouri Metals' disclosure of corporate interests (Doc. No. 6), its sole member is Metal Spinners, Inc., an Indiana corporation. Broadfield, a resident of Missouri, was previously employed by, and in 2005 became president of, Missouri Metals. According to Defendants, Broadfield retired as president in 2013.[1]

Plaintiff, a resident of Missouri, filed her petition in Missouri state court on June 12, 2014, asserting claims of negligence, premises liability, permanent nuisance, temporary nuisance, trespass, and negligent infliction of emotional distress against all Defendants in connection to the alleged spilling/leaking of toxic chemicals, including but not limited to perchloroethylene ("PCE") and trichloroethylene ("TCE"), into the ground water and soil at the facility that, in turn, contaminated Plaintiff's property. She alleges that "[a]t all relevant times," Broadfield had knowledge of the "exposures of biohazards" from the facility to Plaintiff's property, and permitted the spills, failed to have adequate safety measures in place, and conspired to conceal the spills from neighboring residents, including Plaintiff. (Doc. No. 1-1 at 5.) She further alleges that Defendants continue to breach their ongoing duty to check for spills and leaks at the facility, to clean up any spills or leaks that have occurred, to inform Plaintiff of the conditions, to remediate the contamination, and to prevent the subsequent spread of contamination from the facility.

---

[1] The Court notes that Broadfield's name still appears as president on Missouri Metals' directory of business contacts as of July 31, 2014. (Doc. No. 15-5.)

Plaintiff also asserts a separate claim of negligent supervision solely against Broadfield, claiming that as president of Missouri Metals, LLC, Broadfield had a duty to "supervise the agents, servants and employees of Missouri Metals LLC and those of the co-Defendants" to prevent these wrongs. (Doc. No. 7 at 13.)

Defendants timely removed the action to this Court on July 23, 2014, pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction. They asserted that Missouri Metals is a citizen of Indiana for diversity purposes based on the citizenship of its sole member, and that Broadfield was fraudulently joined and, therefore, his Missouri citizenship does not defeat diversity jurisdiction. Defendants noted that Missouri Metals did not begin leasing the facility until 2001 and that Plaintiff did not allege any spills after that date. Further, they asserted that Missouri Metals never used TCE or PCE and that therefore, there is no basis for holding Broadfield liable as president of Missouri Metals. Defendants argued that Plaintiff has not pleaded sufficient facts to show that Broadfield knew of and participated in the alleged wrongful acts. Finally, Defendants argued that the $75,000 jurisdictional amount-in-controversy requirement had been met in this matter.

## ARGUMENTS OF THE PARTIES

Plaintiff raises three arguments in support of her motion to remand. First, she argues that no diversity of citizenship exists as both Plaintiff and Missouri Metals are citizens of Missouri. She posits that under the nerve center test, Missouri Metals is a citizen of Missouri, as its principal place of business is in Missouri. Second, Plaintiff argues that diversity jurisdiction is lacking because Plaintiff and Broadfield are each citizens of Missouri and that Broadfield was properly joined in the action. She argues

that, as the complaint alleges, the violations are "ongoing and continuing" and so the fact that Missouri Metals did not begin leasing the facility until 2001 and that Broadfield did not become President until 2005 does not lead to the conclusion that Broadfield was fraudulently joined. Finally, Plaintiff argues that diversity jurisdiction is lacking because Defendants have not met their burden to establish that the amount in controversy exceeds the $75,000 jurisdictional minimum.

In response, Defendants reassert the arguments put forth in their Notice of Removal. Additionally, they argue that the nerve center test is inapplicable to limited liability companies and that Missouri Metals is a citizen of Indiana based on the citizenship of its sole member.

## **DISCUSSION**

Federal district courts have diversity jurisdiction over all civil actions in which the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Courts interpret this statute to require complete diversity between all plaintiffs and all defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party, as the party invoking federal jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). Removal statutes are strictly construed and any doubts about the propriety of removal are to be resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

In order to remove a matter to federal court on the basis of diversity jurisdiction, no defendant may reside in the forum state. However, "[a] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a [resident] defendant who has no real connection with the controversy." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011).

"Fraudulent joinder does not exist where there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (citation omitted). This reasonableness standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980. "Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003).

Under Missouri law, corporate officers may be held individually liable for tortious corporate conduct if they have actual or constructive knowledge of, and participated in, an actionable wrong. *State ex rel. Doe Run Resources Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. 2004). Here, the allegations in the complaint are not restricted to actions that occurred prior to 2001, when Missouri Metals began leasing and operating the facility, or 2005, when Broadfield became president of Missouri Metals. Plaintiff alleges an ongoing violation of Defendants' duty to prevent the spillage and contamination of the soil and

ground water, to remove the toxic spillage, to inform Plaintiff of the conditions, to remediate the contamination, and to prevent the subsequent spread from the facility. Upon consideration of the allegations in this case, the Court concludes that "there is arguably a reasonable basis for predicting that the state law might impose liability" on Broadfield as president of Missouri Metals. *See State ex rel Doe Run*, 128 S.W.3d at 505 (holding that the plaintiffs stated a claim against a corporate officer who was alleged to have known and participated in the corporation's misdeeds connected to the emission of pollutants that caused damages to the plaintiffs' property).

Although the Court need not address Plaintiff's alternate argument for remand, namely, that Missouri Metals should be considered a citizen of Missouri, this argument is without merit. Defendants are correct that for diversity purposes a limited liability company does not have its own citizenship; rather, its citizenship is the citizenship of all of its members, in this case, Indiana. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for remand is **GRANTED**. (Doc. No. 15.)

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** without prejudice, as moot.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2014.